## JOHN BLIGH *vs.* THOMAS T. JAMES.

No action lies to recover the price of intoxicating liquors purchased by a citizen of this commonwealth in another state, where the sale was legal, for the purpose of being brought into this commonwealth, and here re-sold, in violation of law, if the vendor had reasonable cause to believe that such was the purpose of the buyer; or to recover the price of the barrels in which such liquors were contained, if the purchase of them was merely incidental to the purchase of the liquors, for their keeping and transportation, and was a part of the same contract.

If an action has been submitted to the jury on the merits, an objection to the pleadings cannot be taken for the first time in this court, on a bill of exceptions.

CONTRACT brought to recover the price of a barrel of gin and several empty barrels, sold by the plaintiff to the defendant in Rhode Island.

After the former decision in this case, reported in 5 Allen, 106, the defendant amended his answer, and, after denying that he ever purchased any of the articles, averred that, if the plaintiff should prove the contrary, the sale was in violation of the law of Rhode Island; and that the gin was sold to him with the full knowledge and belief on the part of the plaintiff that it was to

be brought into this commonwealth to be here kept and sold by the defendant in violation of law.

At the second trial in the superior court, before *Allen*, C. J., it appeared that the defendant kept a place of entertainment in this commonwealth, where he sold intoxicating ·liquors in violation of law, which the plaintiff well knew, and that the sale of the articles in question was made in Rhode Island. The barrels referred to, when sold, contained intoxicating liquors which were also sold by the plaintiff to the defendant, and as to them the defendant relied upon the same grounds of defence set up in his answer as to the gin. It was the plaintiff's custom, (which was known to the defendant,) to make a separate charge for the barrels, and to allow for their value if they were returned empty.

The plaintiff offered evidence to show that the sale was legal by the laws of Rhode Island, and asked the court to rule that, if this was so, the action might be maintained; that it must be made to appear that the plaintiff at the time of the sale knew that they were to be kept or used in violation of the laws of this commonwealth; and "that the defence did not apply to the action, so far as the barrels were concerned, inasmuch as he had shown that a separate sale was made of them from the liquors they contained." The chief justice instructed the jury that if the contract was, on the part of the plaintiff as well as on the part of the defendant, in contravention of the laws of this commonwealth, it could not be enforced in its courts, however it might be in Rhode Island; that it was enough for the defendant to prove that the plaintiff had reasonable cause to believe that it was the purpose of the defendant to keep or sell the same in this commonwealth in violation of law, and that it was not necessary to show that he was familiar with all the provisions of the statute relied upon in defence; and that, if the sale of the barrels was incidental merely to the sale of the liquors, for their keeping and transportation, and was a part of the same contract, the fact that a separate charge was made for the barrels would not avail the plaintiff.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. A. Burgess*, for the plaintiff, cited *McIntyre* v. *Parks*, 3 Met. 207 ; *Webster* v. *Munger*, 8 Gray, 584, and cases cited.

No counsel appeared for the defendant.

BY THE COURT. The instructions were in conformity to the terms of the statute, and comprehended all the elements necessary to establish the defence of illegality in the contract declared on. *Savage* v. *Mallory*, 4 Allen, 492. Gen. Sts. *c.* 86, § 61. No action could be maintained to recover the price of the barrels, if they were sold as a means of enabling the defendant to transport the liquors and to use them within this commonwealth for an unlawful purpose. In such case they formed part of the illegal contract, and for that reason cannot constitute a valid claim, to be enforced in the courts of this state. No objection was taken at the trial that the answer did not apply to this part of the plaintiff's claim, and the jury were properly advised that the plaintiff could not recover for these items, if they were included in the contract for the unlawful sale of liquors. *Exceptions overruled.*